UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INES LETICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:14 CV 1446 RWS |
| ) | |
| TERRY RUSSELL, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on Petitioner Ines Letica's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge David D. Noce for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). Judge Noce filed his recommendation that Letica's habeas petition should be denied. Letica filed objections to Judge Noce's report. I have conducted a *de novo* review of Letica's claims and have carefully reviewed the record in this case. Based on that review, I agree with Judge Noce that Letica's petition should be denied.

*Background*

Letica was convicted of felony assault in the first degree and armed criminal action. He was sentenced to two concurrent terms of fifteen years imprisonment. Letica's conviction was based on a fight he participated in on December 7, 2007,

outside a bar. On direct appeal the Supreme Court of Missouri reciting the facts[1] of the case noted that Letica approached victim in the bathroom of the bar and stated that he wanted to talk to victim outside. (Resp. Ex. I, p. 2) The victim told Lecita's cousin that he wanted to be left alone and did not want to fight Lecita. The victim and Lecita went out the back door and after a short verbal exchange Lecita cut the victim's throat and neck with a knife. The victim sustained more knife cuts to his chin, chest, knee, and abdomen for a total of fifteen cuts. The victim went back inside the bar and collapsed. (Id.) No one witnessed the fight.

Letica's first two trials resulted in mistrials. The first mistrial was based on a lack of prospective jurors in the jury pool. The second mistrial was based on a deadlocked jury with one juror "holding out" and refusing to find Letica guilty based on the lack of a third-party witness to the fight.

*Legal Standard*

Letica's grounds for relief in his habeas petition are all based on ineffective assistance of counsel claims. To prevail on a claim alleging ineffective assistance of counsel, a defendant must satisfy the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). For a convicted defendant to prove that his counsel was ineffective, the defendant must first show that the counsel's performance was deficient. Strickland, 466 U.S. at 687. This requires the defendant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel'

---

[1] The Missouri Supreme Court's determination of the facts of this case are presumed to be correct. 28 U.S.C. § 2254(e).

guaranteed the defendant by the Sixth Amendment." Id. A defendant can demonstrate that counsel's performance was deficient where counsel's performance "'fell below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510, 522 (2003) (quoting Strickland, 466 U.S. at 688). But "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006) (quoting Strickland, 466 U.S. at 690). And "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689). If the defendant fails to show that his counsel was deficient, the court need not address the second prong of the Strickland test. Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002).

Second, a defendant must demonstrate that the deficient performance was "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Eighth Circuit has described the Strickland test as follows: the questions a court must ask are "[w]hether counsel's performance was in fact deficient and, if

so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question, then we need not address the other part of the test." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000). When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Considered objectively, counsel's performance is gauged by "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" Fields, 201 F.3d at 1027 (quoting Strickland, 466 U.S. at 688). "[W]e avoid making judgments based on hindsight." Id. A reviewing court's "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

A federal district court's power to review state court criminal decisions in a federal habeas corpus proceeding is limited. Harrington v. Richter, 562 U.S. 86, 92 (2011)("Under 28 U.S.C. § 2254(d), the availability of federal habeas relief is limited with respect to claims previously "adjudicated on the merits" in state-court proceedings."). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 102.

*Discussion*

Letica asserts three grounds for relief.

In his first ground for relief Letica claims that his counsel was constitutionally ineffective for not calling two of Letica acquaintances as witnesses in the third trial.[2] They both testified briefly at the second trial. The first witness testified that he had witnessed a physical confrontation between Letica and the victim outside the same bar around March 2007, nine months before the assault at issue, which started as a shoving match. The second witness, a "close friend" of Lecita's, testified that he saw Letica and the victim get into an altercation at a different bar at an unknown date or year.[3] A scuffle broke out between Letica and the victim and the victim and his friends were escorted out of the bar.

Letica's trial counsel at the third trial did not call these witnesses. Neither of these witnesses saw the incident at issue in this case. Letica presented a theory of self-defense at trial. He testified about the two altercations he had with the victim described by his witnesses at the second trial. The victim also admitted that he and Letica had altercations in the past. Letica asserts that his counsel was ineffective for failing to call Letica's acquaintances to testify at the third trial because they would have supported Lecia's testimony of previous run-ins with the victim.

Letica raised this claim in his motion for post-conviction relief. The trial

---

[2] In his objections to Judge Noce's report Letica asserts that these were "disinterested" witnesses. (Obj. p. 12) That is not supported by the record. The first witness drove Letica home and stayed there for 30 to 45 minutes. The second witness was a "close friend" of Letica's.

[3] The witness, Senad Fale, when ask if the incident took place in 2007 stated, "It could be. Could not be. How do I know what year it was". (Resp. Ex. B, p. 415).

judge denied the claim. The Missouri Court of Appeals affirmed that ruling. The court noted that Letica's trial counsel was aware of the content of these witnesses' testimony and chose not to call them as witnesses. They were not present when the victim was stabbed by Letica. The court noted that the decision to not call a witness as a matter of trial strategy is virtually unchallengeable. (Resp. Ex. N, p 7 citing Worthington v. State, 166 S.W.3d 566, 577 (Mo. 2005)).

In his objection to Judge Noce's report, Letica argues that the court of appeals' decision was an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. It was not. As a result, Letica's first ground for habeas relief will be denied.

In his second ground for relief, Letica asserts his trial counsel was ineffective for failing to make a detailed argument in order to properly preserve a reverse-Batson challenge to a venire person who ended up serving on the jury. Letica's counsel sought to use a preemptory challenge to strike a young white female because: she was young; she wore glasses; she did not interact much during voir dire; and trial counsel did not have a "good vibe" about her. The trial court sustained the state's reverse-Batson challenge based on the juror's youth and seated her on the jury. On direct appeal the Missouri Supreme Court found the trial court's decision based on the juror's youth to be improper. However, the Court found the error to be harmless. It noted that there is no federal constitutional right to preemptory challenges and that a state may withhold them altogether. Moreover, the subject juror was otherwise-qualified to sit on the jury and Letica

failed to demonstrate that she was unfit to serve on the jury.

In its ruling on Letica's post-conviction motion, the court of appeals noted the Missouri Supreme Court's ruling of the issue on direct appeal and found that Letica has "not alleged or established that any juror who served on the jury at his trial was not a qualified juror." (Resp. Ex. N, p. 6)

In his objections to Judge Noce's report, Letica argues that the court of appeals decision was an unreasonable application of federal law as determined by the United States Supreme Court and an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. However, Letica fails to identify any additional information or detailed argument that trial counsel should have preserved to prevail on the reverse-<u>Batson</u> challenge. As a result, Letica's second ground for habeas relief will be denied.

In his third ground for relief, Letica argues that his trial counsel was ineffective for failing to object to a hypothetical question presented to the venire panel by the state prosecutor during voir dire. The question was asked by the prosecutor in an apparent reaction to the mistrial in the second trial where one hold-out juror declined to convict because of the lack of third-party eyewitness testimony of the assault. The prosecutor asked the panel to imagine they were taking out the trash at night by themselves and that they were robbed. They would be the only witness to the robbery. The prosecutor then asked the panel to agree that sometimes the only witness to a crime may be the victim.

On direct appeal the Missouri Supreme Court, applying plain error review,

found this line of questioning to be permissible. It held that the use of a hypothetical unrelated to the facts of the case during voir dire to test potential juror bias did not rise to the level of manifest injustice amounting to plain error. (Resp. Ex. I, P.14) In reviewing Letica's post-conviction motion, the court of appeals held that Letica failed to show that he was prejudiced by trial counsel's decision not to object the prosecutor's use of the hypothetical.

In his habeas petition, traverse, and objections to Judge Noce's report, Letica argues that the prosecutor's use of the hypothetical was an improper but never clearly or concretely states why it was improper. The closest Letica comes to stating the basis for this ground for relief is in his traverse at pages 28-29 when he cites to the case of Hobbs v. Lockhart, 791 F.2d 125 (8th Cir. 1986). Letica quotes the following line from that case, "although there are no constitutional provisions directly addressing the use of hypothetical questions during voir dire, there may be circumstances where a party's manner of conducting voir dire renders a jury impartial and thereby triggers a Sixth Amendment violation." Id. at 129. Following this quote, Letica states in his traverse that "[i]t is exactly that underlying Sixth Amendment violation that Petitioner has complained of and that his counsel has let occur with his deficient performance." (Traverse p. 29) However, Letica fails to specify why the hypothetical at issue rendered the jury "impartial."

The hypothetical did not ask the venire panel to step in the shoes of the victim in this case and picture themselves as the victim of a stabbing. It did not include a

set of facts to be proven at trial. The hypothetical was not framed in such a way that jurors seated from the venire panel had committed themselves to convict Letica if the evidence were to develop in a certain manner. It merely led the panel to understand that in some cases a perpetrator and a victim may be the only witnesses to an offense. This hypothetical did not render the venire panel impartial. As a result, this ground for relief will be denied because Letica's trial counsel's failure to object to the hypothetical was neither deficient nor prejudicial.

*Certificate of Appealability*

I have considered whether to issue a certificate of appealability in this matter. To grant a certificate of appealability, I must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Letica has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Noce's report and recommendation is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Ines Letica's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

                                                                     _____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2017.